IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KELLY STAGGS,**

    **Plaintiff,**

**v.**                       **CIV 03-217 LAM**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

# **MEMORANDUM OPINION AND ORDER**

  **THIS MATTER** is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing (*Doc. 14*). In accordance with 28 U.S.C. § 636(c)(1) and FED. R. CIV. P. 73(b), the parties have consented to having the undersigned United States Magistrate Judge conduct all proceedings and enter final judgment in this case. The Court has reviewed Plaintiff's motion and the memorandum in support of the motion, Defendant's response to the motion, Plaintiff's reply to the response and relevant law. Additionally, the Court has carefully reviewed and considered the entire administrative record (hereinafter, "*R*."). For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED IN PART AND DENIED IN PART**, and this case **REMANDED** to Defendant for further proceedings, including a re-hearing if necessary, consistent with this Memorandum Opinion and Order.

## **I. Procedural History**

  Plaintiff, Kelly Staggs, filed an application for supplemental security income payments on October 31, 2000. (*R. at 96-98*.) In connection with her application, she alleged a disability since

December 31, 1988, due to injury to her right leg and knee, causing pain, and diabetes mellitus. (*R. at 96, 129*.) Plaintiff also alleged that she suffered from numbness and tingling in her right leg and swelling in both legs. (*R. at 129, 142*.) Plaintiff's application was denied at the initial and reconsideration levels. (*R. at 72-75, 78-80*.)

The Administrative Law Judge (hereinafter, "ALJ") conducted a hearing on September 23, 2002. (*R. at 33-58.*) Plaintiff was represented at the hearing by a non-attorney advocate. (*R. at 14, 35-36*.) On October 23, 2002, the ALJ issued his decision in which he made the following findings, *inter alia,* with regard to Plaintiff pursuant to the sequential analysis set forth in 20 C.F.R. § 416.920: (1) claimant has not engaged in substantial gainful activity since her protective filing date for supplemental security income benefits; (2) claimant has an impairment or combination of impairments considered "severe"; (3) claimant's medically determinable impairments do not meet or medically equal a listed impairment; (4) claimant has the residual functional capacity (hereinafter, "RFC") for a range of sedentary exertional level work, although she is limited beyond the sedentary level by an inability to stand or walk more than two hours in an eight-hour workday and she cannot work at unprotected heights or around dangerous machinery; (5) claimant cannot perform her vocationally relevant past work[1]; (6) claimant is a "younger individual" as defined in 20 C.F.R. § 416.963; (7) claimant has more than a high school education; (8) claimant has the RFC to perform a significant range of sedentary work; (9) Medical-Vocational Rule 201.29 directs that there are a significant number of jobs in the national economy that claimant could perform including work as a check cashier and telephone solicitor and these jobs are available in the national and regional economies in

---

[1]The ALJ found that Plaintiff's past relevant work was as a "cook" (*R. at 18*) but the Court finds no support for this finding in the record. On remand, the ALJ should address the discrepancy between this finding and the evidence of Plaintiff's past work in the record.

2

substantial numbers; and (10) claimant was not "disabled", as defined in the Social Security Act, at any time through the date of the decision. (*R. at 19-20.*) In connection with his finding that Plaintiff could perform work as a check cashier and telephone solicitor, which are semi-skilled jobs[2], the ALJ concluded that Plaintiff had transferable skills from her previous work including "dealing with the public". (*R. at 19.*)

After the ALJ issued his decision on October 23, 2002, Plaintiff filed a request for review. (*R. at 9-10, 20.*) On January 17, 2003, the Appeals Council issued its decision denying Plaintiff's request for review (*R. at 7-8*), making the ALJ's decision the final decision of the Commissioner of Social Security (hereinafter, the "Commissioner"). Plaintiff subsequently filed her complaint for court review of the ALJ's decision on February 14, 2003 (*Doc. 1*).

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied the correct legal standards. *See Hamilton v. Sec'y. of Health & Human Services*, 961 F.2d 1495, 1497-1498 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Sec'y. of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (further citation omitted)). Substantial

---

[2]"Check Cashier" (DOT 211.462-026) and "Telephone Solicitor" (DOT 299.357-014) are listed in the U.S. Department of Labor's *Dictionary of Occupational Titles* as having specific vocational preparation times of "3", making them semi-skilled jobs. *See Dictionary of Occupational Titles*, Fourth Edition, Revised 1991 (hereinafter, "*Dictionary of Occupational Titles*"); 20 C. F. R. § 416.968; *Soc. Sec. Rul. 82-41*, 1982 W.L. 31389, at *2.

3

evidence is more than a mere scintilla of evidence but less than a preponderance. *See, e.g., Sisco v. U. S. Dep't. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993).

## **III. Plaintiff's Age, Education, Work Experience and Medical History**

Plaintiff is currently forty years old. (*R. at 38, 96.*) She has a GED and attended junior college. (*R. at 39, 135.*) During the fifteen year period prior to the ALJ's decision, Plaintiff worked sporadically as a sandwich maker, restaurant waitress and clerk at a grocery store. (*R. at 39, 109, 154.*)[3] Plaintiff's medical records confirm that she fractured her right femur in 1987. (*R. at 157.*) According to her medical records, the fracture healed well but a rod placed in her right leg to treat the fracture broke. (*R. at 183.*) According to the records of Plaintiff's treating physician, Harold A. Fenner, Jr., M.D., the rod remained broken in Plaintiff's right leg as of May 25, 2001. (*R. at 220-221.*) Plaintiff claims to suffer chronic pain in her right leg. (*R. at 176, 192, 220.*) Plaintiff claims she was diagnosed with diabetes mellitus in 1990, but does not take medication for the diabetes mellitus because she can not afford it. (*R. at 192.*) Plaintiff has been assessed as having atrophy in her lower right leg muscles and osteopenia in her right knee from favoring her right leg. (*R. at 177.*) Plaintiff also has a history of complaints of back, neck, knee and hand pain. (*R. at 39-40, 153.*)

## **IV. Discussion/Analysis**

The ALJ denied Plaintiff benefits at step five of the five-part sequential analysis for determining disability. The Commissioner has the burden at this step to show that Plaintiff can

---

[3]According to the record, Plaintiff worked part-time as a sandwich maker for two months in 1998 (*R. at 109*), part-time as a restaurant waitress for three months in 1997 (*R. at 109*), part-time as a grocery store clerk for one month in 1997 (*R. at 109*), and part-time as a sandwich maker for three months in 1997 (*R. at 109*). According to the record, Plaintiff also worked "off and on" as a butcher's helper and grocery store clerk from 1978 to 1987. (*R. at 39, 109.*)

4

perform other work available in the national economy considering her RFC, age, education and past work experience. *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984); 20 C.F.R. § 416.920. In denying Plaintiff benefits at step five, the ALJ relied on the testimony of a vocational expert and used the Medical-Vocational Guidelines (hereinafter, the "Guidelines")[4] as a framework for decision-making. (*R. at 19-20.*) The ALJ concluded that Plaintiff was not disabled within the framework of Medical-Vocational Rule 201.29 of the Guidelines because she had the RFC to perform a significant range of sedentary work and there were a significant number of jobs in the national economy that she could perform, including check cashier and telephone solicitor, which existed in substantial numbers in the national and regional economies. (*R. at 20.*) The ALJ's conclusion that Plaintiff was not disabled within the framework of Rule 201.29 and could perform the jobs of check cashier and telephone solicitor was based on his finding that Plaintiff had transferable skills from her previous work including "dealing with the public." (*R. at 19.*)

Plaintiff contends that the ALJ erred at step five of the sequential analysis in finding that Plaintiff had transferable skills from her previous work. Specifically, Plaintiff argues that the ALJ: (1) failed to apply the correct legal standards set forth in *Dikeman v. Halter*, 245 F.3d 1182 (10th Cir. 2001) to determine if Plaintiff had transferable skills; and (2) made an unsupported finding that Plaintiff had transferable skills from her previous work. Additionally, Plaintiff asks the Court to recommend to the Commissioner that another administrative law judge be assigned to this case on remand.

Defendant argues that the ALJ applied the correct legal standards and his decision that Plaintiff was not disabled is supported by substantial evidence.

---

[4]The Guidelines are at 20 C.F.R., Pt. 404, Subpt. P, App. 2.

## A. Determination of Disability at Step Five

In his decision, the ALJ found that Plaintiff had transferable skills from her previous work including "dealing with the public". (*R. at 19.*) Based on this finding, the ALJ concluded that Plaintiff was not disabled at step five because she could perform a significant number of other jobs in the national economy including check cashier and telephone solicitor.

"Transferability", with regard to work skills, means "applying work skills which a person has demonstrated in vocationally relevant past jobs to meet the requirements of other skilled or semi-skilled jobs." *Soc. Sec. Rul. 82-41*, 1982 W.L. 31389, at *2; *see also* 20 C.F.R. § 416.968(d). In assessing a claimant's transferable work skills, the ALJ must make specific findings concerning the transferability of the claimant's skills and include these findings in his written decision. *Dikeman v. Halter*, 245 F.3d 1182, 1185 (10th Cir. 2001). Mere conclusions that skills are transferable do not suffice. The ALJ's findings must identify the specific skills acquired by the claimant in his or her past work and the specific occupations to which the claimant's skills are transferable. *Dikeman* at 1185. The findings should be supported by "appropriate documentation" and job titles, by themselves, are not determinative of skill levels in deciding whether a claimant has transferable skills. *Dikeman* at 1185 (*citing Soc. Sec. Rul. 82-41*, 1982 W.L. 31389, at *4 and *7). The Commissioner has emphasized the importance of these transferability findings to the adjudicative process.[5]

The Court agrees with Plaintiff that the ALJ failed to apply the correct legal standards set forth in *Dikeman* in deciding that Plaintiff had transferable skills from her previous work. The Court

---

[5]"It is important that these findings regarding transferable skills be made at all levels of adjudication to clearly establish the basis for the determination or decision for the claimant and for a reviewing body including a Federal district court." *Soc. Sec. Rul. 82-41*, 1982 WL 31389 at *7.

also agrees with Plaintiff that the ALJ's finding that Plaintiff had transferable skills, and therefore was not disabled, is not supported by substantial evidence in the record.

### 1. Failure to Apply Correct Legal Standards

The ALJ concluded that Plaintiff was not disabled within the framework of Medical-Vocational Rule 201.29. (*R. at 19.*) This rule directs a finding of not disabled when a claimant has previous work experience that is skilled or semi-skilled giving the claimant transferable skills. *See* Rule 201.29, 20 C.F.R., Pt. 404, Subpt. P, App. 2. Unskilled work does not give rise to transferable work skills. *See* 20 C.F.R. § 416.968(a); *Soc. Sec. Rul. 82-41*, 1982 W.L. 31389, at *2. To support his conclusion that Plaintiff had transferable skills, the ALJ found, without discussion or explanation, that Plaintiff had "transferable skills from work previously performed including dealing with the public." (*R. at 19.*) The ALJ made no other findings regarding Plaintiff's acquired work skills and simply concluded that Plaintiff could perform the semi-skilled jobs of check cashier and telephone solicitor without further mention of her transferable skills. (*R. at 20.*)

This analysis of Plaintiff's transferable skills failed to comply with the requirements of *Dikeman*. With the exception of his finding that Plaintiff had the transferable skill of dealing with the public, the ALJ failed to make any findings identifying the specific skills acquired by Plaintiff in her past work. Without these findings, the Court cannot ascertain the basis for the ALJ's decision that Plaintiff was not disabled. The ALJ's failure to make these findings constitutes failure to apply correct legal standards. On remand, the ALJ must make specific findings as to the skills Plaintiff may have acquired in her previous work and the specific occupations to which those skills are transferable.

## 2. Finding of Transferable Skills Not Supported by Substantial Evidence

Even if the ALJ had applied the correct legal standards, there is not substantial evidence in the record to support the ALJ's finding that Plaintiff had transferable skills from the work she previously performed.

In her 1999 disability report, Plaintiff described her past work as sandwich artist, waitress, clerk, and butcher's helper. (*R. at 109.*) She said that she chopped, ground, sliced, weighed, packaged and carried meat as a butcher's helper but did not otherwise describe her duties in her past jobs or the skills she used. (*R. at 109.*) With one exception, there was no testimony by Plaintiff at the hearing about what she did in her previous work, how she did it or what activities it involved. The only questions asked of Plaintiff at the hearing about her past work were the following:

> Q Okay. How about your past work history (INAUDIBLE)?
> A I worked at a meat market when I was about 16, 17 - -
> Q What did you do at Subway (INAUDIBLE) - -
> A Make sandwiches.

(R. at 39.) Thus, except for Plaintiff's testimony at the hearing that she made sandwiches at Subway, and the description of her butcher's helper duties in her 1999 disability report, there is no description in the record of what her duties were in her previous jobs.[6]

In his testimony at the administrative hearing, the vocational expert did not discuss Plaintiff's transferable skills and failed to explain how Plaintiff acquired transferable skills to perform the "semi-skilled" jobs of check cashier and telephone solicitor. (*R. at 50-57.*) His only mention of Plaintiff's

---

[6]"Sandwich Maker" (DOT 317.664-010) is listed in the *Dictionary of Occupational Titles* as having a specific vocational preparation time of "2", making it an unskilled job. *See Dictionary of Occupational Titles*; 20 C.F.R. § 416.968; *Soc. Sec. Rul. 82-41*, 1982 W.L. 31389, at *2. An unskilled job cannot give a person skills that are transferable to a semi-skilled or skilled job. *See* 20 C.F.R. § 416.968(a).

previous work was to acknowledge that Plaintiff's file was made available to him so he could familiarize himself with her past work history (R. at 50) and his statement, without elaboration, that Plaintiff had been a cashier checker. (*R. at 53.*) The ALJ did not ask the vocational expert to testify about Plaintiff's past work or transferable skills, and the vocational expert did not identify any skills Plaintiff had acquired in her past work that were transferable.

The only transferable skill identified by the ALJ in his finding that Plaintiff had transferable skills was "dealing with the public". (*R. at 19.*) Plaintiff argues this is an aptitude or trait, not a skill, relying on a case in which the court held that the "ability to use reason and judgement in dealing with all kinds of people", when not linked to any specific tasks, was an aptitude or trait and not a skill. *Draegart v. Barnhart*, 311 F.3d 468, 476 (2nd Cir. 2002). Plaintiff is correct that "[t]ransferability refers to acquired work skills, not to aptitudes and attributes that are more properly characterized as qualities necessary and useful in nearly all jobs." *Frey v. Bowen*, 816 F.2d 508, 517-518 (10th Cir. 1987). However, the Court is not convinced that "dealing with the public" is not a work skill. For example, "dealing with people ... at a high level of complexity" can be a skill requirement for some skilled jobs under the Commissioner's definition of skilled work.[7] Additionally, the Sixth Circuit has held that the "ability ... to use elementary tact in dealing with customers" is an acquired skill, not an aptitude. *Burton v. Sec'y. of Health and Human Services*, 893 F.2d 821, 823 (6th Cir. 1990). The problem that the Court has with the ALJ's finding that Plaintiff had the transferable skill of dealing with the public is being unable to determine what the ALJ meant by this phrase and the lack of substantial evidence for this finding given the paucity of information in the record regarding Plaintiff's prior work. It may be that "dealing with the public" is a transferable skill, but there is not substantial

---

[7] 20 C.F.R. § 416.968(c).

9

evidence in the record that this is a work skill which Plaintiff acquired in her previous work. Thus, the only transferable skill identified by the ALJ in support of his decision is not supported by substantial evidence. On remand, the ALJ's findings regarding the skills Plaintiff may have acquired in her previous work, and the specific occupations to which those skills are transferable, must be supported by substantial evidence in the record.

Finally, the record before the Court indicates that most of Plaintiff's work experience is from work done prior to 1988. (*R. at 39, 109.*) Since that time, Plaintiff's work experience has been sporadic and for brief periods of time. (*R. at 109, 154.*) In applying the Guidelines on remand, the ALJ should be mindful of the fact that work done more than fifteen years ago and work done "only off-and-on or for brief periods of time" are generally not considered as previous work experience in applying the Guidelines. *See* 20 C.F.R. § 416.965(a). The ALJ also should keep in mind that a claimant does not acquire work skills for a semi-skilled or skilled job by doing an unskilled job. 20 C.F.R. § 416.968(a).

Defendant argues that the vocational expert's testimony that Plaintiff could perform the semi-skilled jobs of check cashier and telephone solicitor is, in and of itself, substantial evidence that Plaintiff acquired the necessary transferable skills from her past work to perform these jobs. The Court does not find this argument convincing for several reasons. First, Plaintiff's work history reviewed by the vocational expert provided only minimal information on the duties that Plaintiff performed in her past work. (*R. at 50, 109, 154.*) Second, the only testimony at the hearing about Plaintiff's duties at her past work was her testimony that she made sandwiches at Subway which is unskilled work. (*R. at 39*). Third, the vocational expert failed to discuss or identify any transferable skills acquired by Plaintiff in her past work that enabled her to do the semi-skilled jobs of check

cashier and telephone solicitor. (*R. at 49-57.*) Fourth, the vocational expert testified that Plaintiff's past work included employment as a "cashier checker ... a semi-skilled job" (*R. at 53*), with no reference to evidence in the record supporting this conclusion.

Defendant also appears to argue that because the work activities involved in some semi-skilled jobs can be little more than unskilled, Plaintiff could perform the semi-skilled jobs of check cashier and telephone solicitor. This is contrary to the vocational expert's testimony that these jobs are semi-skilled jobs (*R. at 53, 54*), and there is no evidence in the record to support a conclusion that check cashier and telephone solicitor are unskilled jobs. Moreover, the ALJ decided that Plaintiff was not disabled within the framework of the Guidelines based on his conclusion that she had the transferable skills to perform these semi-skilled jobs. Therefore, the Court rejects this argument.

### **B. Assignment of Another Administrative Law Judge on Remand**

Plaintiff asks the Court to recommend to the Commissioner that another administrative law judge be assigned to this case on remand. Defendant failed to respond to Plaintiff's argument on this point.

Plaintiff argues that this case should be reassigned on remand because the ALJ failed to investigate the facts about Plaintiff's past work and failed to properly analyze Plaintiff's transferable skills. The Court does not believe these errors by the ALJ warrant a recommendation of reassignment on remand. The record does not indicate that the ALJ is biased against Plaintiff or unable to fairly assess the evidence and properly apply the law on remand. Plaintiff also argues that this case should be reassigned to avoid "additional and unnecessary delays with further appeals."[8] Plaintiff cites no

---

[8]*See Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Reverse and Remand* (*Doc. 17*).

evidence to support this argument and the Court finds none in the record. Plaintiff's assertion, without evidence, that this case will be delayed on remand and require further appeals is a mere assumption. Reassignment of this case on remand to a different administrative law judge who is unfamiliar with the case could also cause delay. The Court finds no basis in the record for granting Plaintiff's request to recommend reassignment of this case on remand and this request in Plaintiff's motion will be denied.

## V. Conclusion

Because the ALJ failed to apply the correct legal standards in finding that Plaintiff had transferable skills, and because the ALJ's finding of transferable skills is not supported by substantial evidence, Defendant failed to meet her burden at step five of the sequential analysis. Therefore, this case must be remanded to the Commissioner for further proceedings, including a re-hearing if necessary, in accordance with this Memorandum Opinion and Order.

Based on the foregoing, the Court will grant Plaintiff's motion in part and remand this case to the Commissioner for further proceedings, including a re-hearing if necessary, consistent with the Court's rulings in this Memorandum Opinion and Order. The Court will deny Plaintiff's motion to the extent that it asks the Court to recommend to the Commissioner that another administrative law judge be assigned to this case on remand.

**WHEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing (*Doc. 14*) is **GRANTED IN PART** and this case is **REMANDED** to the Commissioner for further proceedings, including a re-hearing if necessary, consistent with this Memorandum Opinion and Order. Plaintiff's Motion to Reverse and Remand for a Rehearing

(*Doc. 4*) is **DENIED** to the extent that it asks the Court to recommend to the Commissioner that another administrative law judge be assigned to this case on remand.

    **IT IS SO ORDERED.**

_Lourdes a. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**